1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT FOR THE

7                     EASTERN DISTRICT OF CALIFORNIA

8

9  ELEANOR TERAN,                    )      No. CV-F-07-1476 OWW/GSA
                                     )
10                                    )      MEMORANDUM DECISION AND
                                     )      ORDER DENYING IN PART AND
11              Plaintiff,            )      GRANTING IN PART WITH LEAVE
                                     )      TO AMEND DEFENDANT WOODVILLE
12         vs.                       )      SCHOOL DISTRICT'S MOTION TO
                                     )      DISMISS, FOR MORE DEFINITE
13                                    )      STATEMENT, AND TO STRIKE
   STEVE HAGOPIAN, et al.,           )      (Doc. 20)
14                                    )
                                     )
15              Defendants.          )
                                     )
16  _____ )

17

18        Plaintiff Eleanor Teran commenced this action on October 10,

19   2007.  Plaintiff is proceeding pursuant to a First Amended

     Complaint (FAC).  Defendants are Steve Hagopian, Woodville Union
20
     School District (Woodville), and Does 1-100.  The FAC alleges
21
     that Hagopian was employed as an elementary school teacher at
22
     Woodville Elementary School and that he was Eleanor's teacher.
23
     The FAC alleges:
24
                  8. ELEANOR is informed and believes, and
25                thereon alleges, that in or about 1996
                  through 1997, ELEANOR was attending third
26                grade at Woodville Elementary School, in the

                                      1

WOODVILLE UNION SCHOOL DISTRICT, whereby her teacher, STEVE HAGOPIAN, began sexually molesting her.

9. The sexual molestation occurred during recess. Defendant HAGOPIAN had blackened his classroom windows purposely so that no one would be able to see his sexual acts with ELEANOR.  Defendant HAGOPIAN would force ELEANOR to remain in class while he sexually touched her.  These sexual acts consisted of, but not limited to, digital penetration into ELEANOR'S vagina, rubbing her clitoris/vulva area, touching her body over and under her clothing, touching her buttocks and chest, and forcing ELEANOR to walk on all fours like a dog. While Defendant was touching ELEANOR, he would repeatedly ask if she enjoyed it. Defendant told ELEANOR that if she told her parents what he was doing, they would not believe her and would disown her, leaving her without a family. ELEANOR believed Defendant. Thus, she felt very alone, isolated and unable to confide in anyone. ELEANOR further suffered great emotional trauma, pent-up anger, difficulty sleeping, nightmares, inhibitions, flashbacks and overwhelming disdain for Defendant, HAGOPIAN, which prohibited her from receiving a proper third grade education, and has had a permanent impact on her young life.

10. Defendant HAGOPIAN, while in the classroom setting engaged in the following non-sexual conduct, including, but not limited to:

> a. HAGOPIAN called overweight students "fatso," "gordo" or "gordita."
>
> b. HAGOPIAN used the "N" word and would yell out "White Power."
>
> c. HAGOPIAN harassed ELEANOR and others by forcing students to buy his school supplies and asking students for money.
>
> d. HAGOPIAN called several students "dumb" and "stupid."

2

1
2

      e. HAGOPIAN allowed students to
fight each other in class and even
encouraged it.

3
4

      f. HAGOPIAN confided to another
teacher, Wendy, that he made
students walk on their hands and
knees as a form of punishment.

5
6
7

      g. HAGOPIAN yelled at ELEANOR in
front of the entire class because
she did not understand
multiplication.

8
9
10
11

      h. HAGOPIAN made ELEANOR massage
his feet in front of the entire
class and when she refused, he
pulled her by her ponytail over to
his desk to massage his feet during
class in violation of *California
Education Code* section 49000.

12
13

      i. ELEANOR witnessed HAGOPIAN allow
one student to chase another
student with a real knife in his
hand and HAGOPIAN laughed about it.

14
15
16
17

    The First Cause of Action is alleged against Woodville and
Hagopian for violation of 42 U.S.C. § 1983.   After incorporating
the preceding allegations by reference, the First Cause of Action
alleges:

18
19
20
21

      14. Under the Fourteenth Amendment of the
United States Constitution, ELEANOR'S liberty
interest includes freedom from sexual abuse
by government employees. Defendant HAGOPIAN,
an employee of WOODVILLE, sexually assaulted
ELEANOR, thereby depriving ELEANOR of her
liberty interest.

22
23
24
25

      15. Under the Fourteenth Amendment of the
United States Constitution, ELEANOR'S liberty
interest includes freedom from the non-sexual
abuse alleged in paragraph 10 hereinabove.
HAGOPIAN, in doing the non-sexual things
alleged in paragraph 10 hereinabove, deprived
ELEANOR of her liberty interest.

26

16. Plaintiff is informed and believes, and thereon alleges that WOODVILLE had knowledge of previous misconduct by HAGOPIAN at least one year prior to ELEANOR'S assault in 1996.

17. Plaintiff is informed and believes, and thereon alleges that a parent, Maria Gomez, filed a report with WOODVILLE about HAGOPIAN'S inappropriate conduct prior to 1996.

18. Plaintiff is informed and believes, and thereon alleges that WOODVILLE had knowledge, or should have known, of the blackened windows in HAGOPIAN'S classroom prior to ELEANOR'S assault, and that these blackened windows created an environment that enabled HAGOPIAN'S misconduct.

19. Defendants deprived ELEANOR of her liberty interest under the Fourteenth Amendment, and this deprivation was the proximate result of:

  a. HAGOPIAN'S intentional conduct;

  b. WOODVILLE'S custom or practice of ignoring prior complaints regarding HAGOPIAN'S misconduct;

  c. WOODVILLE'S failure to train HAGOPIAN regarding appropriate behavior once WOODVILLE became aware of such misconduct; and

  d. WOODVILLE'S indifference to the danger in which it placed ELEANOR by permitting blackened windows in WOODVILLE'S classrooms.

The Second Cause of Action is alleged against Woodville and Hagopian for violation of 20 U.S.C. § 1681.  After incorporating the preceding allegations, the Second Cause of Action alleges:

25. This is a cause of action for violation of Title IX of the Education Amendments of 1972, 20 U.S.C. section 1681 et seq. for discrimination on the basis of sex based on sexual harassment of ELEANOR which excluded

4

ELEANOR from participation in, denied ELEANOR the benefits of, and subjected ELEANOR to discrimination under an education program or activity of defendant.  Defendant, WOODVILLE, is a recipient of federal financial assistance for purposes of Title IX of the Education Amendments of 1972, 20 U.S.C. section 1681 et seq.

26. At all times herein mentioned, ELEANOR was, a female student of Woodville Elementary School located in Tulare County, California.

27. At all times hereinafter mentioned, WOODVILLE was a school district and a recipient of federal financial assistance.

28. From about 1996 through 1997, ELEANOR was subject to sexual harassment by HAGOPIAN, who was ELEANOR'S third grade teacher at WOODVILLE, in that HAGOPIAN performed the following acts: HAGOPIAN had blackened his classroom windows purposely so that no one would be able to see his sexual acts with ELEANOR. Defendant HAGOPIAN would force ELEANOR to remain in class while he sexually touched her. These sexual acts consisted of, but not limited to, digital penetration into ELEANOR'S vagina, rubbing her clitoris/vulva area, touching her body over and under her clothing, touching her buttocks and chest, and forcing ELEANOR to walk on all fours like a dog. While Defendant HAGOPIAN was touching ELEANOR, he would repeatedly ask if she enjoyed it. Defendant HAGOPIAN told ELEANOR that if she told her parents what he was doing, they would not believe her and would disown her, leaving her without a family. ELEANOR believed Defendant HAGOPIAN. Thus, she felt very alone, isolated and unable to confide in anyone. ELEANOR further suffered great emotional trauma, pent-up anger, difficulty sleeping, nightmares, inhibitions, flashbacks and overwhelming disdain for Defendant HAGOPIAN, which prohibited her from receiving a proper third grade education, and has had a permanent impact on her young life.

29. Plaintiff is informed and believes, and thereon alleges that WOODVILLE had knowledge of previous misconduct by HAGOPIAN at least

one year prior to ELEANOR'S assault in 1996.

30. Plaintiff is informed and believes, and thereon alleges that a parent, Maria Gomez, filed a report with WOODVILLE about HAGOPIAN'S inappropriate conduct prior to 1996.

31. Plaintiff is informed and believes, and thereon alleges that WOODVILLE had knowledge, or should have known, of the blackened windows in HAGOPIAN'S classroom prior to ELEANOR'S assault, and that these blackened windows created an environment that enabled HAGOPIAN'S misconduct.

32. The acts of HAGOPIAN interfered with ELEANOR'S ability to attend school and perform her studies and activities.

33. Despite WOODVILLE'S knowledge of HAGOPIAN'S misconduct, WOODVILLE failed to instruct its personnel on how to respond to sexual harassment of students by teachers. The deliberate indifference of WOODVILLE to the acts of HAGOPIAN as herein alleged, and WOODVILLE'S failure to implement a policy concerning sexual harassment of students by teachers excluded ELEANOR from participation in, denied ELEANOR the benefits of, and subjected ELEANOR to discrimination on the basis of sex.

The Third, Fourth, and Fifth Causes of Action alleged against Hagopian for sexual assault, intentional infliction of emotional distress, and false imprisonment, respectively.  The Sixth Cause of Action is alleged against Woodville and Hagopian, for negligence.

The Seventh Cause of Action is alleged against Woodville and Hagopian for violation of 42 U.S.C. § 2000d.  After incorporating all preceding allegations, the Seventh Cause of Action alleges:

67. This is an action for violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C.

6

section 2000d, for discrimination based on race based on a hostile racial educational environment which excluded plaintiff from participation in, denied plaintiff the benefits of, and/or subjected plaintiff to discrimination under a program or activity receiving federal financial assistance.

68. Defendant is a recipient of federal financial assistance for purposes of Title VI of the Civil Rights Act of 1964, 42 U.S.C. section 2000d.

69. At all times herein mentioned, ELEANOR was, an Hispanic student of Woodville Elementary School located in Tulare County, California.

70. Beginning in or about 1996, plaintiff was subject to a racially hostile educational environment at WOODVILLE in that HAGOPIAN engaged in the following behavior in the classroom:

a. HAGOPIAN called overweight students "fatso," "gordo" or "gordita."

b. HAGOPIAN used the "N" word and would yell out "White Power."

c. HAGOPIAN harassed ELEANOR and others by forcing students to buy his school supplies and asking students for money.

d. HAGOPIAN called several students "dumb" and "stupid."

e. HAGOPIAN allowed students to fight each other in class and even encouraged it.

f. HAGOPIAN confided to another teacher, Wendy, that he made students walk on their hands and knees as a form of punishment.

g. HAGOPIAN yelled at ELEANOR in front of the entire class because she did not understand

7

1    multiplication.

2         h. HAGOPIAN made ELEANOR massage
      his feet in front of the entire
3     class and when she refused, he
      pulled her by her ponytail over to
4     his desk to massage his feet during
      class in violation of *California*
5     *Education Code* section 49000.

6         i. ELEANOR witnessed HAGOPIAN allow
      one student to chase another
7     student with a real knife in his
      hand and laugh about it.

8
9    71. Plaintiff is informed and believes and
     thereon alleges that HAGOPIAN repeatedly
     engaged in the above-described acts toward
10   African Americans and Hispanics, but did not
     engage in these activities toward students of
11   races other than African American and
     Hispanic origin.

12
13   72. Plaintiff is informed and believes, and
     thereon alleges that WOODVILLE had knowledge
     of previous misconduct by HAGOPIAN at least
14   one year prior to 1996.

15   73. Plaintiff is informed and believes, and
     thereon alleges that prior to 1996, other
16   parents filed reports with WOODVILLE about
     HAGOPIAN'S racially offensive conduct to
17   which plaintiff was subject described above.
     Notwithstanding the reports of racially
18   offensive conduct by HAGOPIAN, at no time did
     any officials or employees of WOODVILLE
19   acknowledge the racially offensive conduct
     directed at plaintiff and other students
20   described hereinabove, or take any
     disciplinary or other action to attempt to
21   stop the racially offensive conduct from
     occurring.  The deliberate indifference of
22   WOODVILLE to the racially offensive conduct
     directed at plaintiff and other students and
23   defendant's failure to have and implement a
     policy concerning racial harassment, or the
24   creation of a hostile racial educational
     environment by HAGOPIAN excluded plaintiff
25   from participation in, denied plaintiff the
     benefits of, and subjected plaintiff to
26   discrimination on the basis of race.

8

1    Defendant Woodville moves to dismiss the FAC for failure to

2    state a claim upon which relief can be granted pursuant to Rule

3    12(b)(6), Federal Rules of Civil Procedure.

4         A.   <u>Governing Standards</u>.

5         A motion to dismiss under Rule 12(b)(6) tests the

6    sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729,

7    732 (9th Cir.2001). "A district court should grant a motion to

8    dismiss if plaintiffs have not pled 'enough facts to state a

9    claim to relief that is plausible on its face.'" *Williams ex rel.*

10   *Tabiu v. Gerber Products Co.,* 523 F.3d 934, 938 (9th Cir.2008),

11   quoting *Bell Atlantic Corp. v. Twombley*, ___ U.S. ___, 127 S.Ct.

12   1955, 1974 (2007). "'Factual allegations must be enough to raise

13   a right to relief above the speculative level.'" *Id.* "While a

14   complaint attacked by a Rule 12(b)(6) motion to dismiss does not

15   need detailed factual allegations, a plaintiff's obligation to

16   provide the 'grounds' of his 'entitlement to relief' requires

17   more than labels and conclusions, and a formulaic recitation of

18   the elements of a cause of action will not do." *Bell Atlantic*,

19   *id.* at 1964-1965. Dismissal of a claim under Rule 12(b)(6) is

20   appropriate only where "it appears beyond doubt that the

21   plaintiff can prove no set of facts in support of his claim which

22   would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-

23   46 (1957). Dismissal is warranted under Rule 12(b)(6) where the

24   complaint lacks a cognizable legal theory or where the complaint

25   presents a cognizable legal theory yet fails to plead essential

26   facts under that theory. *Robertson v. Dean Witter Reynolds,*

*Inc.*, 749 F.2d 530, 534 (9th Cir.1984).  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002).  The court must construe a *pro se* plaintiff's pleadings liberally in determining whether a claim has been stated.  *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003).  Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)  When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice.  *Parrino v. FHP, Inc*, 146 F.3d 699, 705-706 (9th Cir.1988).

    1.   <u>Prior State Court Proceedings</u>.

Woodville requests the Court "take note" that:

> [T]hese same allegations or rather
> allegations arising from the same events have
> been the subject of three separate State

Court actions, all filed in the Tulare County
Superior Court.  These actions are identified
as Case No. 03-203590 (initial Petition for
Relief from Government Tort Claims
Requirement); Case No. 03-203978 (a Complaint
filing which ultimately resulted in the
action being barred against all defendants
except for any allegations against Mr.
HAGOPIAN which are outside the course and
scope of his employment); and Case No. 04-
209595 (plaintiff's attempt to restate and
enlarge upon the original causes of action in
order to get around that prior ruling of
dismissal with prejudice).  An Order to Show
Cause regarding the dismissal of that third
action was submitted by the Court on May 4,
2006.  It is significant to note that this
latest version of Plaintiff's State Court
action, namely, a First Amended Complaint
under Case No.  04-209595, included not only
State causes of action but also a Section
1983 claim.

No copies of any of the pleadings or rulings in the State Court

actions are submitted to the Court by Woodville, nor does

Woodville make a formal request for judicial notice of the

proceedings in State Court under Rule 201, Federal Rules of

Evidence.

> 2. <u>California Government Tort Claim Act</u>.

The FAC sets forth no allegation that Plaintiff has complied

with the claim requirement of the California Government Tort

Claim Act.

Woodville moves to dismiss the supplemental state law causes

of action because of this failure and because the Tulare County

Superior Court has ruled against Plaintiff on this issue.

In opposition to this ground for dismissal of the FAC,

Plaintiff asserts:

> Plaintiff's mother discovered that her
> daughter was being molested by her teacher in
> February 2002.  Immediately after learning of
> the molestation, Plaintiff's mother traveled
> to WOODVILLE School to ask why she had not
> been informed by the school.  WOODVILLE
> advised Plaintiff's mother that the incident
> was under investigation and would be handled
> swiftly.  Plaintiff's mother made numerous
> follow up visits to the school and was again
> promised that the matter would be taken care
> of.  In July 2002, Plaintiff's mother filed
> an application for leave to file a late claim
> which was denied on August 7, 2002.
> Thereafter, Plaintiff's mother filed a
> Petition for Relief from the Claims
> requirement.  The court allowed Plaintiff to
> continue as to HAGOPIAN, but not WOODVILLE
> based on the service of the claim on Tulare
> County Office of Education instead of
> WOODVILLE Unified School District even though
> Mr. Graham at TCOE represented that he had
> authority to accept service on behalf of
> WOODVILLE.

Plaintiff argues that Woodville should be estopped from asserting her noncompliance with the claim filing requirement. Plaintiff cites *Munoz v. State of California*, 33 Cal.App.4th 1767, 1777 (1995):

> A public entity may be estopped from
> asserting the limitations of the tort claims
> statutes where its agents or employees have
> prevented or deterred the filing of a timely
> claim by some affirmative act.  The required
> elements for an equitable estoppel are: (1)
> the party to be estopped must be apprised of
> the facts; (2) the party to be estopped must
> intend his or her conduct shall be acted
> upon, or must so act that the party asserting
> the estoppel had a right to believe it was so
> intended; (3) the other party must be
> ignorant of the true state of facts; and (4)
> the other party must rely upon the conduct to
> his or her injury.

Compliance with the claims presentation requirements is a

12

condition precedent to filing an action against a public entity. *Munoz, supra,* 33 Cal.App.4th at 1777.  The failure to plead facts demonstrating or excusing compliance with the claim presentation requirement of the California Tort Claims Act results in dismissal of the tort claims for failure to state a claim.  *State of California v. Superior Court (Bodde),* 32 Cal.4th 1234, 1240, 1245 (2004).  Plaintiff must allege facts to support any waiver or estoppel.

The FAC contains no such allegations.  The pendent state law tort claims are DISMISSED WITH LEAVE TO AMEND.

Because Woodville did not provide copies of the pleadings and rulings by the Tulare County Superior Court in connection with Plaintiff's Petition for Relief from Government Tort Claims Requirement), Case No. 03-203590, Woodville has not established that it is entitled to dismissal of the pendent causes of action on the ground of res judicata/collateral estoppel

Woodville's motion to dismiss on this ground is DENIED WITHOUT PREJUDICE.

   3.  <u>Res Judicata/Forum Shopping/Splitting Cause of Action/Laches</u>.

Woodville moves to dismiss the FAC on the grounds of res judicata, forum shopping, splitting a cause of action, and laches.

This section of the motion to dismiss is based on the rulings of the Tulare County Superior Court described above. Unless and until copies of the pleadings and rulings at issue are

13

provided to the Court of which the Court may take judicial

notice, the issues raised by Woodville and Plaintiff cannot be

resolved.  Because res judicata/splitting a cause of action and

forum shopping are affirmative defenses, the absence of these

documents precludes dismissal of the FAC on these grounds.[1]

The motion to dismiss is DENIED WITHOUT PREJUDICE.

### 4.   First Cause of Action - 42 U.S.C. § 1983.

Woodville moves to dismiss the First Cause of Action for

violation of Section 1983 on the ground that it does not allege

deprivation of a constitutionally protected liberty interest

without due process of law.  Woodville asserts that a state tort

remedy may provide the hearing necessary to satisfy procedural

due process and contends "since the state tort of 'false

imprisonment' exists, this plaintiff has not been denied any due

process right as it relates to liberty."

Plaintiff responds by contending that exhaustion of

administrative remedies is not a precondition to a suit for

violation of Section 1983.  Plaintiff then refers to cases in

which discriminatory intent may be proven by a history of

discrimination against others similarly situated or by

circumstantial evidence such as a pattern of conduct inexplicable

on grounds other than race.

Woodville reads the First Cause of Action as a procedural

---

[1]Woodville's motion to dismiss the FAC on the ground of laches
raises matters outside the pleadings, which cannot be resolved at
the motion to dismiss stage.  Woodville must raise this affirmative
defense at summary judgment or trial.

due process claim.  Plaintiff responds by discussing race discrimination, instead of an alleged liberty interest in being free from sexual abuse by a state actor.

The Supreme Court has noted: "Although a literal reading of the [Due Process] Clause might suggest that it governs only the procedures by which a State may deprive persons of liberty, for at least 105 years, at least since *Mugler v. Kansas*, 123 U.S. 623 ... [in 1887], the Clause has been understood to contain a substantive component as well ....' *Planned Parenthood v. Casey,* 505 U.S. 833, 846 (1992).  This substantive component of the Due Process Clause "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them."  *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992), quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986).

In *Plumeau v. School Dist. No. 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997), the Ninth Circuit held that a student's liberty interest in bodily integrity under *substantive* due process includes the right to be free from sexual abuse by school employees.  Existence of a post-deprivation state remedy does not bar a substantive due process claim under Section 1983. *Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir.1986), *overruled on other grounds*, *Graham v. Connor*, 490 U.S. 386 (1989).  Woodville can be found liable for Hagopian's alleged sexual abuse of Plaintiff if Plaintiff establishes:

(1) the defendant learned of facts or a

15

> pattern of inappropriate sexual behavior by a
> subordinate pointing plainly toward the
> conclusion that the subordinate was sexually
> abusing the student; and (2) the defendant
> demonstrated deliberate indifference toward
> the constitutional rights of the student by
> failing to take action that was obviously
> necessary to prevent or stop the abuse; and
> (3) such failure caused a constitutional
> injury to the student.

*Doe v. Benecia Unified School Dist.*, 206 F.Supp.2d 1048, 1053 (E.D.Cal.2002), citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 454 (5th Cir.), *cert. denied sub nom., Lankford v. Doe*, 513 U.S. 815 (1994).

The Court was unable to find authority allowing a student to proceed with a substantive due process claim based on race discrimination.  The case cited by Plaintiff, *Gomiller v. Dees*, 2007 WL 1031359 (N.D.Miss.2007), involved a claim under Section 1983 for denial of equal protection based on race; it did not involve deprivation of a liberty interest in violation of substantive due process.  At the hearing, Plaintiff could not cite a case that allows her to proceed with her substantive due process claim based on the alleged racial discrimination.[2]  It is arguable that Plaintiff may state a claim for denial of equal protection.

Woodville's motion to dismiss the First Cause of Action is

---

[2]In addition, although not raised by Woodville, there is a split of authority whether Title IX subsumes a claim under Section 1983.  *See, e.g., Brust v. Regents of University of Cal.*, 2007 WL 4365521 (E.D.Cal.2007); *Henkle v. Gregory*, 150 F.Supp.2d 1067 (D.Nev.2001); *Hogan v. Ogden*, 2008 WL 2954245 (E.D.Wash.2008).  The Ninth Circuit does not appear to have yet addressed the issue.

16

1  **DENIED IN PART AND GRANTED IN PART WITH LEAVE TO AMEND.**

2  **5.  Second Cause of Action - 20 U.S.C. § 1681.**

3  Woodville moves to dismiss the Second Cause of Action on the
4  ground that Plaintiff has failed to allege that Woodville had
5  actual notice of the alleged sexual abuse.  *See Gebser v. Lago*
6  *Vista Independent School Dist.*, 524 U.S. 274 (1998).

7  In *Gebser*, the Supreme Court held that damages are available
8  under Title IX for teacher-on-student sexual harassment only if
9  "an official who at a minimum has authority to address the
10  alleged discrimination and to institute corrective measures on
11  the recipient's behalf has actual knowledge of the discrimination
12  in the recipient's programs and fails to adequately respond."
13  524 U.S. at 290.  The Supreme Court expressly declined to impose
14  liability on "principals of *respondeat superior* or constructive
15  notice," instead requiring actual notice to an official of the
16  defendant.  *Id.* at 285.  The Supreme Court further held that the
17  failure to adequately respond "must amount to deliberate
18  indifference to discrimination."  *Id.* at 290.  The "high standard
19  imposed in *Gebser* sought to eliminate any 'risk that the
20  recipient would be liable in damages not for its own official
21  decision but instead for its employees' independent actions."
22  *Davis v. Monroe Cty. Sch. Dist.*, 526 U.S. 629, 643 (1999).

23  The FAC alleges that "WOODVILLE had knowledge of previous
24  misconduct by HAGOPIAN at least one year prior to ELEANOR's
25  assault in 1996;" that "a parent, Maria Gomez, filed a report
26  with WOODVILLE about HAGOPIAN's inappropriate conduct prior to

1996;" and that "WOODVILLE had knowledge, or should have known,
of the blackened windows in HAGOPIAN's classroom prior to
ELEANOR's assault, and that these blackened windows created an
environment that enabled HAGOPIAN's misconduct."

Plaintiff cites *Zamora v. North Salem Central School
District*, 414 F.Supp.2d 418, 425 (S.D.N.Y.2006):

> In the absence of clear authority to the
> contrary, and in consideration of the gravity
> of the offense, this Court concludes that
> actual knowledge of a teacher's propensity or
> proclivity to sexually harass children may
> constitute actual knowledge, for purposes of
> a subsequent victim's Title IX claim.  It
> remains to be seen at a plenary trial whether
> Plaintiffs will ultimately prevail in proving
> that actual notice existed in this case ....

In *Gebser*, the school district's actual knowledge of
inappropriate teacher comments did not put the school district on
actual notice that the teacher had sexual relations with the
student.  *Gebser*, 524 U.S. at 279.  Plaintiff represented at the
hearing that she could allege additional facts concerning the
alleged 1996 notice to Woodville of Hagopian's sexual abuse of
Maria Gomez's child.  Woodville's motion to dismiss this claim is
GRANTED WITH LEAVE TO AMEND.

For the reasons stated:

1.  Defendant Woodville School District's motion to dismiss
is GRANTED IN PART WITH LEAVE TO AMEND AND DENIED IN PART as set
forth above.

2.  Plaintiff shall file a Second Amended Complaint in
accordance with the above rulings within 20 days following the

18

1  **filing date of this Memorandum Decision and Order.**

2       IT IS SO ORDERED.

3  **Dated:   November 3, 2008           /s/ Oliver W. Wanger**
                                  UNITED STATES DISTRICT JUDGE